HELMICK,
District Judge, concurring in part and dissenting in part.
I concur in the Court’s analysis of Taylor’s Lanham Act claim and affirmance of *330 the-Lanham Act damages award. I disagree, however, with the Court’s conclusion that Taylor presented evidence to establish the amount of damages she suffered under the TCPA with a reasonable degree of certainty, and would vacate the TCPA compensatory and treble-damages awards.
I agree with the Court’s conclusion that loss of control of a service mark is an ascertainable loss of a thing of value. Taylor testified she lost control over the service mark when Thomas refused to stop using the yard signs with the service mark on them and therefore I agree Taylor has proven the existence of damages under the TCPA. See Discover Bank v. Morgan, 363 S.W.3d 479, 496 (Tenn.2012). I do not agree with the Court’s conclusion Taylor laid “a sufficient foundation to allow the trier of fact to make a fair and reasonable assessment of [the amount of] damages.” Id. (quoting Hannan v. Alltel Publ’g Co., 270 S.W.3d 1, 10 (Tenn.2008)).
In her closing argument, Taylor presented, as the damages she sought, a range of $64,897 (the commissions Thomas earned from the sale of properties at which the skyline and wave signs were used) to $145,817 (the total commissions Thomas earned during the time period in which the skyline and wave signs were in the marketplace). R. 294 at 26-27. The jury subsequently awarded Taylor $36,500 on her TCPA claim, which is 25.03% of the total commissions Thomas earned during the time period. R. 241 at 4. While the Court notes that damages in trademark cases often are calculated based on the amount of royalties normally received for the use of the mark, there is no evidence in the record regarding what percentage of his commissions Thomas paid to Taylor while she was his broker.
Moreover, neither the parties nor the trial court thought this was relevant.. Taylor’s attorney objected to a question posed to Taylor by Thomas’s attorney regarding whether Taylor got a percentage of Thomas’s commissions; the trial judge sustained the objection on the basis of relevancy. R. 243 at 78. Thomas’s attorney later withdrew the question at a sidebar conference. R. 243 at 81. This question should not have influenced the jury’s deliberations, because the jury was instructed not to speculate as to the answer to a question to which an objection was sustained, and to assume the answer would have been of “no value” to the jury’s deliberations. R. 294 at 48. Further, the record does not provide any basis for the jury to connect Thomas’s commissions to the amount of damages Taylor suffered due to her loss of control of the service mark or as a result of damage to the goodwill associated with the mark.
Finally, the range of damages Taylor proposed does not correlate to the jury’s findings. The jury concluded the wave sign did not constitute misuse of Taylor’s service mark. Thomas received $96,017 in total commissions during the time period in which he used the skyline sign only. R. 224 at 40. He earned $43,200 in commissions on the sales of two properties at which he displayed the skyline sign. R. 224 at 35-36, 40. The jury’s award is 38.01% of the total commissions Thomas earned during this time period, and 84.49% of the commissions Thomas earned at the two houses at which he displayed the skyline sign. The record does not support a connection between these commissions, the harm Taylor suffered, and the jury’s damage award of $36,500. The jury’s assessment of damages is not based on a reasonable degree of certainty merely because the damage award is less than the plaintiff requested.
The district court concluded Thomas’s violation of the TCPA was willful and dou *331 bled the jury’s damage award pursuant to TenmCode Ann. § 47-18-109(a)(3). The statutory authorization for this award rests upon a finding of “actual damages sustained.” Because I would vacate the jury’s TCPA damage award based upon my conclusion Taylor failed to carry her burden with respect to the actual damages she suffered, I also would vacate the TCPA treble damages award.